HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IRA RAY HARTFORD IV,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF ELMA,<br><br>        Defendant. | CASE NO. C15-5927 RBL<br><br>ORDER DENYING MOTION FOR LEAVE TO PROCEED IFP |

THIS MATTER is before the Court on Plaintiff Hartford's Motion for Leave to Proceed *in forma pauperis*, [Dkt #s 1 and 4] supported by his proposed complaint [Dkt. #5]. It appears that Plaintiff Hartford is indigent.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369

1 | (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact."  *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Hartford is not eligible to proceed *in forma pauperis* under this standard.  His 50-page proposed complaint is wholly unintelligible.  There is no indication of who is being sued for what conduct, when it occurred, or upon what legal basis.  The complaint appears to contain primarily incomplete excerpts from other filings or documents—there are numerous copyright notices interspersed throughout—and most of the sentences and thoughts are not complete or in any logical order.  There are vague references to prior proceedings, and perhaps some dissatisfaction with Mr. Hartford's attorney's performance in that earlier case. Indeed, one of the documents is entitled "Request for Appeal" [Dkt. #1-4].  It appears to be dated more than a year ago, and it too is impossible to understand:

11/04/2014

Request for an Appeal or Mistrial

. Defendants-attorney (1)showed Court-room Misconduct via' briskly walking northward from Defendant's council-court-room-desk, (2)then, when Ms. Defendants-Attorney, who represented the insurance company, thought she was out of judges peripheral vision Ms. Defendants-attorney' gave a quick hand wave type gesture jumped and spun around scoffed and said a horrific noise that had no court-room etiquette of verbal-clarity; while pointing in the direction of Dr. Muscatel's Professional Spreadsheet Pro'forma Projected on Screen.  (3)Ms. Defendants-attorney said a short sentence, in disapproval, this action Disrupted jurors attention away from Dr. Muscatel's explanation of damages.  (4)This Letter contains facts that need support of Trial-Transcript to show fact of professional misconduct; (5)conduct that are court-room-tactics unfair to Plaintiff's Witness-testimony.

In any event, whatever the import of this paragraph or this claim, this Court cannot and will not review or reverse decisions made in state court proceedings.  The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005).  [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir.2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

The remainder of the Plaintiff's allegations are similar, and are similarly impossible to address, either by the Court or by a defendant.  The Motion for Leave to proceed *in forma pauperis* is therefore **DENIED**.  Plaintiff shall **pay the filing fee** within **30 days** of the date of

this Order, or **file a new proposed amended complaint** by that date, or the case will be **DISMISSED**. Any amended complaint should articulate the "who what when where and why" of any claim, identify the parties and the legal basis for any claim, the measure and nature of any damages claimed, and the source of the legal right to those damages. It should address the basis for this Court's jurisdiction over the claims and the parties.

IT IS SO ORDERED.

Dated this 11th day of February, 2016.

*/s/ Ronald B. Leighton*
Ronald B. Leighton
United States District Judge