HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IRA HARTFORD,

        Plaintiff,

    v.

THE CITY OF ELMA, et al.,

        Defendant.

CASE NO. C15-5927RBL

ORDER GRATING MOTION TO DISMISS

THIS MATTER is before the Court on the City of Elma's Motion to Dismiss [Dkt. #24] and *pro se* Plaintiff Hartford's responsive Motion for Extension and for Oral Argument. [Dkt. #27]. Hartford repeatedly attempted to obtain *in forma pauperis* status, and each was rejected [Dkt. #s 6, 8, and 10]. He ultimately paid the filing fee rather than seek in forma pauperis status based on his most recent amended complaint. As the Court explained in each of its Orders, Hartford was unable to articulate a plausible, viable claim against any defendant—it remains unusually difficult to understand what he is complaining about.

This is the gist of the City's Motion. It argues that none of Hartford's various complaints (the City counts seven total; the most recent appears to be Dkt. #23) articulates any facts or claims against the City. Instead, they focus on the alleged misdeeds of Hartford's prior attorney.

The City argues that most of the amended complaints are improper, having been filed after it Answered, but that none articulates a plausible claim against it or its employees or agents in any event.  It seeks dismissal under Fed. R. Civ. P 12(b)(6) or 12(c).

Hartford has filed a series of responses [Dkt. #s 26, 27 and 29] but none of them resolve the issues with his pleadings, or his claims.  He has not articulated any plausible set of facts that support any viable claim against the City. The following passage is typical of his filings, and it is not enough to meet the *Iqbal* standard applicable to claims in this Court:

> 6. Plaintiff argues that of Defendants opinion that certain processes save defense costs and court time more as oppose to speedy trial.
> 7. Argument That the plaintiffs claims are wholly barred by all applicable statutes of Limitation criterion.
> 8. Plaintiff opposes Defendants opinion That Hartford fails to state a claim upon which relief can be granted;
> 9. Plaintiff opposes the opinions of the defendant, in regards to <u>inculpatory evidence</u> of which The Justice of The Peoples court ruled to be "…reasonable inferences in a light most favorable to the Plaintiff"; Defendant agreed that claims, "HOWEVER TRUE" vs. Exculpatory evidence; which Darrell Cochrane not try.
> 10. Plaintiff opposes Defendants opinion that his losses are minimal
> 11. Plaintiff Opposes Defendants argument that Justice has no choice

**RELIEF SOUGHT**

VI.1 Compensation for psychological torment caused by City of Elma, etal adjoined with Darrell Cochrane, Et al. Argument: Emotional aggravation via the Dereliction of responsibility, for inadequate representation, the lack of communication on Mr. Darrell Cochran's part, other than to inform Mr. Ira Hartford to stop calling or Mr. Cochran would request the judge to allow the firm to withdraw. In addition, the failure to acquire disclosures at Mr. Hartford's request providing insight as to what the opposition is up to.

[Dkt. #27] As the City claims, he has not responded to the Motion in a manner that is coherent, and he has not met his burden on this motion. He has not stated plausible a claim.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

1(2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to motions brought under either rule. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Despite at least *nine* attempts, Hartford has failed to articulate any viable, plausible claim against the City or its agents or employees. He has literally failed to state a plausible claim, and he has legally so failed. The Court will not permit Hartford an additional attempt to articulate a claim; he has not even hinted at the slightest suggestion of a viable claim against the City. The City's Motion to Dismiss is **GRANTED** and all of Hartford's claims against it are **DISMISSED**, with prejudice and without leave to amend.

Hartford's own Motions [Dkt. #s 27] for additional time and for oral argument are **DENIED**. He has been attempting to articulate a claim, and to obtain counsel, for more than a

(2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to motions brought under either rule. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Despite at least *nine* attempts, Hartford has failed to articulate any viable, plausible claim against the City or its agents or employees. He has literally failed to state a plausible claim, and he has legally so failed. The Court will not permit Hartford an additional attempt to articulate a claim; he has not even hinted at the slightest suggestion of a viable claim against the City. The City's Motion to Dismiss is **GRANTED** and all of Hartford's claims against it are **DISMISSED**, with prejudice and without leave to amend.

Hartford's own Motions [Dkt. #s 27] for additional time and for oral argument are **DENIED**. He has been attempting to articulate a claim, and to obtain counsel, for more than a

year. There is no reasonable basis for delaying the inevitable any longer, and the Court does not need oral argument on this motion.

IT IS SO ORDERED.

Dated this 25th day of January, 2017.

*Ronald B. Leighton* (signature)

Ronald B. Leighton
United States District Judge