HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IRA RAY HARTFORD IV, | CASE NO. C15-5927RBL |
| Plaintiff, | ORDER |
| v. | |
| CITY OF ELMA, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Ira Hartford's "Motion for Head Court Clerk to Order Ronald Leighton to Send this Case to Proceed to Grand Jury" [Dkt. # 49], and on the Court's own Motion.

Hartford filed this case against the City of Elma in December 2015. Three applications to proceed *in forma pauperis* were denied [Dkt #s 6, 8, and 10]. Hartford finally paid the filing fee and filed his complaint [Dkt. #9] in April 2016. He sued Elma for a variety of perceived transgressions related to a business he operated there. Elma Answered on July 29, 2016 [Dkt. #15].

Over time, Hartford filed a series of documents that could be construed as additional (proposed) amended complaints [Dkt. #s 14, 16, 19, 21 and 22], but he never sought or obtained

ORDER - 1

leave of court to file them. Each of those later complaints sought to sue attorneys and law firms that apparently had represented Hartford at some point (though never in this case). An attorney appeared for a law firm named in the subsequent complaints, but has not otherwise plead or litigated [Dkt. # 17].

In late 2016, Elma moved for dismissal for failure to state a claim [Dkt. # 24]. That Motion was granted, and all of Hartford's claims against Elma were dismissed with prejudice [Dkt. #30]. Hartford filed a series of additional documents and Motions for Reconsideration, all of which were denied [Dkt. #36]. Hartford then filed a Motion to compel a status conference and a Motion for "parties and claims to be joined." [Dkt. #s 35 and 37]. Those were denied [Dkt. #42]. Hartford has since filed a variety of letters, notices, and other accusations and demands, sometimes calling them motions. Most are similar to the one before the Court [Dkt. #s 43, 44, 46, 48, 50, 52, 53]. All have been denied.

What Hartford has not filed, though, is any evidence that he ever sought to serve a complaint naming the non-Elma, attorney defendants. Elma treated the Hartford's *third* complaint [Dkt. #9] as the operative complaint, and that complaint was dismissed with prejudice. Even if the fourth iteration of Hartford's complaint (the first that named other defendants) [Dkt. #14], is considered the operative one (despite the fact he had not sought or obtained leave to file it), Hartford has not made any attempt to serve that complaint in almost 14 months.

Federal Rule of Civil Procedure Rule 4(m) provides[1]:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[1] In December 2015 (at around the time this case was filed) Rule 4(m) was changed to require service within 90 days. The period used to be 120 days.

The Advisory Committee Notes to this Rule reiterate that the 90 day requirement is to be applied flexibly, and should not be applied where doing so would cause prejudice:

> [Rule 4(m)] explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed [90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. (Time period reflects new rule).

*See also*, for example, *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)(Upon a showing of good cause, the Court must extend the period; and even absent a showing of good cause, the court has discretion to extend the period).

Hartford has not shown good cause for failing to serve the defendants in the time prescribed by the Rules. There is no indication that he has made any attempt to do so; indeed, he has never sought a summons for the attorney defendants (as he did when he first applied for *in forma pauperis* status [Dkt. #1], and again when he paid the filing fee in June, 2016). There is certainly no evidence the defendants avoided service, or that Hartford was otherwise precluded or delayed from serving his complaint.

On this record, the Court does not find that there is "good cause" shown for extending the long-expired period for service. Nor will the Court in its discretion enlarge the period from 90 days to something over 420 days. None of the numerous iterations of Hartford's complaint against the City or the attorneys was ever plausible, and the prejudice to the defendants in permitting the resurrection of claims they had no way of knowing had been asserted is at least as harmful as any prejudice to Hartford in enforcing this Rule.

//

//

//

Accordingly, this matter is DISMISSED without prejudice, on the Court's own motion. Hartford's misguided attempt to have the Clerk order the Judge to transfer this case to a Grand Jury [Dkt. #49] is DENIED as moot.

The case is closed.

IT IS SO ORDERED.

Dated this 21st day of September, 2017.

/s/ Ronald B. Leighton
Ronald B. Leighton
United States District Judge